(No. 32633.-)

Alexander Maxwell, Appellee, vs. Timothy J. O'Connor, Appellant.

*Opinion filed May 20, 1953.*

John J. Mortimer, Corporation Counsel, of Chicago, (L. Louis Karton, A. A. Pantelis, William J. Kafka, and Joseph F. Fox, of counsel,) for appellant.

Mr. Justice Fulton delivered the opinion of the court:

On May 6, 1952, the appellee herein, as plaintiff, filed a petition addressed to the chief justice of the criminal court of Cook County, directed against the defendant-appellant herein, Timothy J. O'Connor, Commissioner of Police of the city of Chicago, which requested the entry of an order requiring the defendant "to immediately and forthwith surrender and deliver to this petitioner all records, fingerprints, files and all other memoranda pertaining" or relating to two certain cases lately pending in the municipal court of the city of Chicago entitled "People v. Alex Maxwell, Gen. No. 49MC19158, and People v. Maxwell, Gen. No. 49MC29656."

On May 9, 1952, the petition was allowed and an order entered as requested, but requiring destruction in plaintiff's presence of the items sought, rather than surrender, and delivery to plaintiff. The defendant filed a petition to

vacate the order of May 9, 1952, which was denied, but on motion of plaintiff, the order was amended to read "return to said Petitioner" rather than "destroy in the presence of the said Petitioner."

Plaintiff alleged in his petition that two complaints were filed against him in the municipal court of Chicago on behalf of the People; the first complaint charging assault; the latter charging him with carrying a concealed weapon. He alleged that he was fingerprinted in each case after being taken into custody. Attached to his petition were certified copies of dismissal in each case for want of prosecution. Plaintiff sought in his petition to recover from the defendant "all records of fingerprints and divers other records, if any," pertaining to the two cases above referred to. The petition further stated that records, fingerprints and divers other memoranda relating to the two causes of action were in the custody and possession of defendant as police commissioner of the city of Chicago.

The right of recovery as claimed by plaintiff was based upon section 5 of division XVI of the Criminal Code. (Ill. Rev. Stat. 1951, chap. 38, par. 780e.) This section generally requires, among other things, that all sheriffs and police officers furnish to the Department of Public Safety daily copies of fingerprints and other records intended to be used for unlawful purposes, and of all persons who, at the time of arrest, are in possession of firearms or other deadly weapons. The section further provides that "All photographs, fingerprints or other records of identification so taken shall, upon the acquittal of the person charged with the crime, or upon his being released, without being convicted, be returned to him."

On May 27, 1952, the defendant filed a petition in the same cause setting forth that no order was entered requiring him to answer the petition of plaintiff nor was he present in court on May 9, 1952; that no evidence was

heard or arguments made on behalf of defendant at the time the order above referred to was entered directing defendant to destroy certain records in the office of the Bureau of Identification of the city of Chicago.

The petition of defendant further stated that the photographs and fingerprints sought to be released or destroyed by the petition of plaintiff, Alexander Maxwell, were taken in connection with an arrest and prosecution in the municipal court of Chicago. The defendant's petition further contended that the criminal court of Cook County was wholly without jurisdiction to adjudicate any controversy over the subject matter; and prayed that the order of May 9, 1952, be vacated and that the petition of Alexander Maxwell be dismissed for want of jurisdiction. There was no denial contained in defendant's petition concerning his possession of the fingerprints and other memoranda which plaintiff asked to be returned to him. The cause was set for further hearing on June 20, 1952, on which date the motion of defendant to vacate previous order of May 9, 1952, was denied.

On July 10, 1952, the defendant, Timothy J. O'Connor, individually and as police commissioner of the city of Chicago, filed a notice of appeal to this court and thereafter filed application to have the notice of appeal operate as a *supersedeas* without bond, which was allowed.

The chief errors and points relied upon by defendant for reversal are (1) that section 5 of division XVI of the Criminal Code is unconstitutional and void as being vague and indefinite in violation of the due-process provision in article II of the Illinois constitution; and (2) that the criminal court of Cook County had no jurisdiction of the person of the defendant or of the subject matter.

The only possible basis for direct appeal to this court is defendant's assumption that a constitutional question is presented. Defendant did not, however, raise any question

in the criminal court with respect to the constitutional validity of section 5 of division XVI of the Criminal Code. For the reason that a constitutional question is not involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 199,) the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*